NO. 07-12-0364-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 20, 2012
_____

KELLIE LEWIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-429,319; HON. BRADLEY UNDERWOOD , PRESIDING
_____

*Order of Dismissal*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Kellie Lewis, appellant, attempts to appeal from her conviction for murder, count three.  The trial court pronounced sentence and signed the judgment on January 26, 2012.  Appellant did not file her notice of appeal until August 13, 2012.  We dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court or within ninety days after that date if a motion for

new trial is filed. TEX. R. APP. P. 26.2(a). Assuming a timely motion for new trial was filed, the deadline lapse by the end of April, 2012. Appellant also entered into a plea agreement, and the certification of right to appeal stated that the criminal proceeding was "a plea-bargain case and the defendant has NO right of appeal."

A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If it is untimely, we can take no action other than to dismiss the proceeding. *Id.* at 523. Appellant's notice being untimely filed, we have no jurisdiction over the matter and dismiss the appeal.

Accordingly, appellant's appeal is dismissed.[1]


Per Curiam


Do not publish.

---

[1]The appropriate vehicle for seeking a belated appeal from a final felony conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).